UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID P. MITCHELL,<br><br>          Plaintiff,<br><br>v.<br><br>AMERICA'S SERVICING COMPANY,<br>*et al.*,<br><br>          Defendants. | Civil No. 10cv993-L(JMA)<br><br>**ORDER REMANDING ACTION TO<br>STATE COURT** |

Defendant Fremont Investment & Loan ("Fremont") filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal" or "Notice"), removing this action from state court based on federal question jurisdiction. The Notice of Removal is based on 28 U.S.C. §§ 1441 and 1331. Because the court lacks subject matter jurisdiction, the action is remanded to state court.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).

> The Court has consistently interpreted jurisdictional statutes with an "arising under" qualification . . . as "giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Fremont contends that references to the Truth in Lending Act and the Real Estate Settlement Procedure Act in the Complaint, which otherwise alleges only state law causes of action, provides the basis for federal question jurisdiction in this case.  Plaintiff alleges eight state law causes of action and provides numerous bases for the alleged state law violations, some of which are violations of federal law.  (Notice Ex. A (Complaint) at 17 & 18.)

"[F]or a state law claim to provide a basis for federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"  *Williston Basin Interstate Pipeline*, 524 F.3d at 1102 quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Neither the Complaint nor the Notice of Removal provide any indication that Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law," *id.* at 1100, or that any state law claim "really and substantially

involv[es] a dispute or controversy respecting the validity, construction or effect of [federal] law," *id*. at 1102.

Based on the foregoing, Fremont failed to meet its burden of establishing federal jurisdiction.  This action is therefore **REMANDED** to the Superior Court for the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED:  May 19, 2010

M. James Lorenz
United States District Court Judge